UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

FILED

MAY 21 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

C12-02610

EVERETT FRANK, Pro Per
1776 Botelho Dr.
Apt. 421
Walnut Creek, CA 94596
408-623-9002

                    Plaintiff,

        v.

THE INTERNAL REVENUE SERVICE

                    Defendant.

Civil Action No._____

## PROPOSED COMPLAINT FOR INJUNCTIVE RELIEF

1.      This is an action under the Internal Revenue Code ("IRC"), 26 U.S.C. §
6330(e) to compel IRS to suspend collection activity.

2.      Plaintiff seeks injunctive and other appropriate relief compelling the IRS to suspend
collection activities against Plaintiff for the tax years 2000, 2004, and 2005.  Plaintiff seeks to
quash a wage levy issued to Optimum Design Associates, and any other levies, leins, summons,
or other action that may be discovered to have been commenced on or after May 4, 2012.

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over this action and personal
jurisdiction over the parties pursuant to 5 U.S.C. §§ 702-4.  This Court also has jurisdiction over
this action pursuant to 28 U.S.C. § 1331 and 1340.  26 U.S.C 6330(e) grants the court injunctive
power to restrain collection action, and is a statutory exception to IRC 7421 (Anti-injunction
Act).  Further,  a judicial exception to IRC 7421 applies when Petitioner can show that (1) the
government cannot ultimately prevail under any circumstances, and (2) equity jurisdiction
otherwise exists because the taxpayer would suffer irreparable injury if collection were effected.

See Bob Jones Univ. v. Simon, 416 U.S. 725, 745-47, 94 S.Ct. 2038, 2050-52, 40 L.Ed.2d 496 (1974); Williams Packing, 370 U.S. at 7; Gavigan v. Comm'r, Internal Revenue Serv., No. 3:06-CV-942, 2007 WL 1238651, at *9 (D.Conn. Apr. 27, 2007). Venue is proper in this district under 5 U.S.C. § 703.

Parties

4.     Plaintiff Everett Frank is a 51 year old citizen of the United States domiciled in Walnut Creek, CA.

5.     Defendant Internal Revenue Service is an Agency of the United States Government.

Facts

6.     This action arises from IRS's existing and imminent violations of 26 U.S.C 6330(e).

7.     Plaintiff has a tax controversy pending with the IRS regarding tax years 2000, 2004, and 2005 in an amount approximating $1.2 million.

8.     Plaintiff mailed an appeal from a Notice of Determination regarding the alleged tax liability to the US Tax Court for the years 2000, 2004, and 2005 on May 3, 2012, and copied IRS Revenue Officer Nick Eterovich by fax, certified mail, and phone message on May 3, 2012.

9.     The Tax Court received the petition and recorded the filing date of Plaintiff's case number 011200-12 as May 4, 2012 (Exhibit A). The Tax Court served the IRS on Thursday, May 10, 2012.

10.     The IRS must suspend collection efforts while a case is pending in Tax Court:

26 U.S.C 6330 (e) Suspension of collections and statute of limitations (1) In general Except as provided in paragraph (2), if a hearing is requested under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 (relating to collection after assessment), section 6531 (relating to criminal prosecutions), or section 6532 (relating to other suits) shall be suspended for the period during which such hearing, and appeals therein, are pending. In no event shall any such period expire before the 90th day after the day on which there is a final determination in such hearing. Notwithstanding the provisions of section 7421 (a), the beginning of a levy or proceeding during the time the suspension under this paragraph

is in force may be enjoined by a proceeding in the proper court, including the Tax Court. The Tax Court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a timely appeal has been filed under subsection (d)(1) and then only in respect of the unpaid tax or proposed levy to which the determination being appealed relates.

(2) Levy upon appeal. Paragraph (1) shall not apply to a levy action while an appeal is pending if the underlying tax liability is not at issue in the appeal and the court determines that the Secretary has shown good cause not to suspend the levy.

11.     On Monday, May 14, 2012 Revenue Officer Eterovich left a phone message acknowledging the tax court filing and stating his intention to proceed with enforced collection anyway. Revenue Officer Eterovich had in fact already initiated multiple levies on Friday, May 11, 2012 (Exhibit B).

12.     On Tuesday, May 14, 2012 , Plaintiff contacted Supervising Revenue Officer Cynthia Mackie in an effort to resolve the matter.  She declined to lift the existing levy(s) and declined to suspend further collection action.  Mr. Eterovich and Ms. Mackie cited their opinion that my appeal to tax court was not timely, and referred to IRC section 6330 paragraphs (d) and (e).

13.     Petitioner has been out of state from May 12 to May 19, 2012, and initiates this action on the first possible day.

14.     The issues underlying the appeal are not before the court at this time.  The IRS seeks to collect $1.2 million in alleged tax liability substantially all arising from a Substituted Return that the IRS has refused to provide or disclose (though on May 14 Ms. Mackie finally indicated a willingness to provide the information).  Plaintiff has not participated in any meaningful review of alleged liability.  Plaintiff has virtually no assets, and virtually no hope of ever repaying such an outrageous sum.

15.     The deprivation of income and emotional toll of the full force and power of the US government bearing down on Petitioner causes an immediate, on going, and irreparable harm that money cannot compensate.

Count I

Commencement of Levy during suspension period

16.     Paragraphs 1-14 above are hereby incorporated by reference as if set forth fully herein.

17.     The IRS has willfully disregarded it's legal obligations under 26 U.S.C 6330(e) by commencing levy actions on May 11, 2012, 8 days after it was advised of the tax court filing.

18.     Revenue Officers do not have discretion to make legal determinations reserved to the courts.

19.     The protections provided by 26 U.S.C. 6330(e) are not contingent on Defendants opinion of the merits of Petitioners cause before the Tax Court. The IRS Reform Act of 1998 initiated the protections of 6330, and the clear intention of Congress was to prevent exactly this form of abuse by requiring due process and judicial review.

20.     The IRS has a mandatory, nondiscretionary duty to respect the provisions of 26 U.S.C. 6330(e).

21.     Petitioner has suffered a legal wrong and has been adversely affected and aggrieved by Defendants disregard of the law.

22.     Petitioner is entitled to injunctive relief compelling the IRS to suspend collection and reverse any action commenced after May 4, 2012.

### Count II

### Threats of additional enforcement actions

23.     Paragraphs 1-14 are hereby incorporated by reference as if set forth fully herein.

24.     Revenue Officers Eterovich and Mackie refuse to halt further action, and threaten to proceed with additional enforced collection action at any moment.

25.     The IRS has a mandatory, nondiscretionary duty to respect the provisions of 26 U.S.C. 6330(e).

26.     Petitioner has suffered a legal wrong and has been adversely affected and

aggrieved by Defendants disregard of the law.

27.     Petitioner is entitled to injunctive relief compelling the IRS to suspend

collection.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A.     Order Defendant to suspend all collection activity against Petitioner regarding tax years 2000, 2004, an
2005.  Such order to remain in place until 90 days after Petitioners tax liability for 2000, 2004, and
2005, becomes final, including any hearings and appeals.

B.     Order Defendant to withdraw all leins, levies, summons, or other enforcement actions initiated on or
after May 4, 2012.

C.     Order the wage levy issued to Optimum Design Associates on May 11, 2012, quashed.

D.     Grant other such relief as the Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

information and belief.

Executed on  5/21/2012                    _____
                                          EVERETT FRANK, PRO PER

UNITED STATES TAX COURT
400 SECOND STREET, N.W.
WASHINGTON, D.C.  20217

May 10, 2012

## NOTIFICATION OF RECEIPT OF PETITION

**Docket No.:**       11200-12

**Name of Case:**     Everett Frank

v. COMMISSIONER OF INTERNAL REVENUE

The Court received and filed your petition on May 04, 2012 and served it on respondent on May 10, 2012.

(X) Filing Fee Paid.
(X) Request for Place of Trial at San Francisco, CA.

<u>Your Docket Number</u>:  Include the docket number given above for your case on all papers and correspondence that you send to the Tax Court.  Do not include your Social Security or Taxpayer Identification numbers on any documents you file with the Court, except on Form 4.

<u>For Further Information by Mail</u>:  To receive a booklet and a DVD with  information about proceeding in the Tax Court, complete and return the enclosed card or write the Clerk of the Court at the address above.

<u>Internet Access</u>:  If you have Internet access, you may obtain information on the Tax Court's Web site at www.ustaxcourt.gov and selecting "Taxpayer Information".

<u>eAccess and eFiling</u>:  Information about how to register for eAccess is attached.

<u>Change of Address</u>:  You must notify the Clerk of the Court if you change your address.  See Tax Court Form 10, Notice of Change of Address, under "Forms" on the Tax Court's Web site.  Failure to notify the Clerk of the Court of a change of your address can mean you do not receive notices and documents essential to your case and can lead to dismissal of your case.

Robert R. Di Trolio
Clerk of the Court

**Pro Se:**

Everett Frank
#421
1776 Botelho Dr.
Walnut Creek, CA  94596

Exhibit A

| Form 668-W(ICS) | Department of the Treasury – Internal Revenue Service |
|---|---|
| (Rev. July 2002) | **Notice of Levy on Wages, Salary, and Other Income** |

**DATE: 05/11/2012**

REPLY TO: **Internal Revenue Service**
**NICK ETEROVICH**
**185 LENNON LANE**
**WALNUT CREEK, CA 94598**

TELEPHONE NUMBER
OF IRS OFFICE: **(925)974-3796**

NAME AND ADDRESS OF TAXPAYER:
**EVERETT FRANK**
**1776 BOTELHO DR APT 421**
**WALNUT CREEK, CA 94596-5054**

TO: **OPTIMUM DESIGN ASSOCIATES**
**1075 SERPENTINE LANE**
**PLEASANTON, CA 94566**

IDENTIFYING NUMBER(S): **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**

FRAN

This levy attaches to all wage and/or commission income earned by Everette Frank.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2000 | $75,330.51 | $75,374.75 | $150,705.26 |
| 1040 | 12/31/2004 | $893,939.03 | $149,975.75 | $1,043,914.78 |
| 1040 | 12/31/2005 | $44,225.53 | $8,043.98 | $52,269.51 |
| | | | Total Amount Due ⇒ | $1,246,889.55 |

We figured the interest and late payment penalty to __06/10/2012__

THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

The Internal Revenue Code provides that there is a lien for the amount shown above. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid, as well as wages and salary earned in the future until this levy is released, and (2) this taxpayer's other income that you have now or for which you are obligated.

We levy this money to the extent it isn't exempt, as shown in the instructions. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.

If you don't owe money to this taxpayer, please call us at the telephone number at the top of this form. Instead of calling us you may complete the back of Part 3, attach it as a cover to the rest of this form, and return all parts to IRS in the enclosed envelope.

If you do owe money to this taxpayer, please see the back of this page for instructions on how to act on this notice.

| Signature of Service Representative<br>**NICK ETEROVICH** | Title<br>**REVENUE OFFICER** |
|---|---|

Part 1 – For Employer or other Addressee    Catalog No. 35390F    www.irs.gov    Form **668-W(ICS)** (7-2002)

Exhibit B