MELINDA HAAG
United States Attorney
THOMAS MOORE
Chief, Tax Division
THOMAS M. NEWMAN
Assistant United States Attorney
 Tax Division
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone:   (415) 436-6888
 Fax:         (415) 436-6748
 Thomas.Newman2@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EVERETT FRANK, | ) |
| | ) Case No. 12-2610-SBA |
| Plaintiff, | ) |
| | ) OPPOSITION TO *EX PARTE* |
| v. | ) MOTION FOR TEMPORARY |
| | ) RESTRAINING ORDER |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

The Plaintiff in this action, Everett Frank, has filed a complaint to enjoin the Internal Revenue Service from attempting to collect taxes from him. (Dkt. No. 1). In furtherance of that claim, Plaintiff filed an *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue. (Dkt. No. 3).[1] The complaint is improper and the motion should be denied.

**I.   FACTS**

According to the Complaint, Plaintiff initiated this action pursuant to 26 U.S.C. § 6330(e) "to compel IRS to suspend collection activity." (Cmplt. ¶ 1). Specifically, Plaintiff seeks to

---

[1] Plaintiff has improperly named the IRS as a defendant in the complaint issued in this matter. The IRS, as an agency of the United States, cannot be sued *eo nomine*, absent the express consent of Congress. *See Blackmare v. Guerre*, 342 U.S. 512, 514-15 (1952); *Veal v. IRS*, 108 A.F.T.R.2d (RIA) 7165 (N.D. Cal. 2011); *Castleberry v. Alcohol, Tobacco & Firearms Div. of Treasury Dept.*, 530 F.2d 672, 673 n. 3 (5th Cir. 1976).

**OPPOSITION TO MOTION FOR TRO**
**CASE NO 12-2610-SBA**                      -1-

1  "quash a wage levy" issued to his employer, Optimum Design Associates, by the IRS and stop
2  any other lien, levy or summons issued after May 4, 2012.  (Cmplt. ¶ 2).

3        Plaintiff contends that the IRS "must suspend collection efforts" as of May 4, 2012,
4  which is the date he filed a Tax Court petition.  (Cmplt. ¶¶ 9-10).   Plaintiff notes that the Tax
5  Court issued of "Notification of Receipt of Petition" establishing the filing of his petition and a
6  May 10, 2012 service date of that document on the IRS.  (Cmplt. Exh. A).  The Complaint then
7  cites 26 U.S.C. § 6330(e) for that proposition that collection, including levies issued after May 4,
8  2012, must be suspended notwithstanding the Anti-Injunction Act, which is codified in 26 U.S.C.
9  § 7421.  (Cmplt. ¶ 10).  Plaintiff alleges that the IRS is bound by a "mandatory, nondiscretionary
10  duty to respect the provisions of 26 U.S.C. § 6330(e)" and cease collections once a Tax Court
11  petition has been filed.  (Cmplt. ¶ 20).

12        Plaintiff confirms that "the issues underlying the appeal are not before the court at this
13  time," which relates to a $1.2 million tax liability.  (Cmplt. ¶ 14).  In Exhibit B annexed to the
14  Complaint, Plaintiff included a copy of a "Notice of Levy on Wages" that was issued to
15  Optimum Design Associates.  The IRS notice, Exhibit B, states that Plaintiff's wages are the
16  subject of the levy "to the extent [the wages are not] exempt" from the levy.  Id.  Plaintiff alleges
17  that the IRS refuses to "lift" the levy because in "their opinion [his] appeal to tax court was not
18  timely."  (Cmplt. ¶ 12).  Plaintiff alleges that the IRS "Revenue Officers do not have discretion to
19  make legal determinations" regarding the "merits" of his Tax Court petition and are obligated to
20  "suspend collection" pursuant to 26 U.S.C. § 6330(e).  (Cmplt. ¶¶ 17-18, 20 & 22).

21        Plaintiff did not annex to his Complaint a copy of the adverse "Notice of Determination"
22  that is the subject of the Tax Court petition.  (*See* Cmplt.)  In the petition, Plaintiff states that the
23  "dispute" relates to a "Notice of Determination" issued by the IRS on December 15, 2011.
24  (Newman Decl. Exh. 1).  26 U.S.C. § 6330(d)(1) provides that, with respect to these notices,
25  "The person may, within 30 days of a determination under this section, appeal such
26  determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such
27  matter)."  Id.  As Plaintiff notes, his Tax Court petition was filed on May 4, 2012.  (Cmplt. ¶ 9).
28

## II. ARGUMENT

Plaintiff claims that he is entitled to injunctive relief to stop IRS collection. Plaintiff claims that 26 U.S.C. § 6330(e), which provides that levies "shall be suspended" during an appeal, supplies the legal basis to enjoin collection. As a factual basis, Plaintiff contends that he will be irreparably harmed because he has "no assets, and virtually no hope" of repaying the tax liability. (Mot. at ¶ 14). Plaintiff's motion is legally and factually unsupported and should be denied.

Despite Plaintiff's claims, this action is barred by the Ant-Injunction Act. The Anti-Injunction Act, codified at § 7421(a) of the Internal Revenue Code (26 U.S.C.) provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." This prohibits the maintenance of suits to enjoin the Government from assessing or collecting taxes (with certain limited exceptions not present here). The purpose of the Anti-Injunction Act is to protect the "Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, 'to require that the legal right to disputed sums to be determined in a suit for refund,' [citations omitted]," and to protect "the collector from litigation pending in a suit for refund." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-37 (1974); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 8 (1962) (the goal of the statue is to avoid suspending the collection of taxes).

Plaintiff's claim that this suit fits within an exception to the Anti-Injunction Act is wrong for three reasons. First, under the express terms of 26 U.S.C. § 6330(e) an injunction halting collection is conditioned on a "timely appeal." In order to be timely, Plaintiff was required to appeal the December 15, 2011 notice by January 15, 2012. 26 U.S.C. § 6330(d)(1). Plaintiff's appeal is more than three months late. For that reason, the Tax Court petition cannot operate to enjoin collection. Plaintiff misconstrues the IRS's position in allegedly proceeding with collection as a claim that his petition lacks "merit." Not so. The IRS is abiding by the clear terms of 26 U.S.C. § 6330(e) because Plaintiff's untimely does not halt collection or suspend the period to collect these taxes. Id. That position does not consider the "merits" of the claim.

The second problem with Plaintiff's claim is also contained in 26 U.S.C. § 6330(e), which provides that collection may be "enjoined by a proceeding in the proper court, including the Tax Court" while Subsection (d)(1) clarifies that the Tax Court has exclusive jurisdiction over appeals of IRS determinations sustaining levies. Id. Stated another way, this court lacks jurisdiction over the taxes at issue and the injunction sought by Plaintiff, which must be issued by the Tax Court. 26 U.S.C. § 6330(d)-(e).

Third, 26 U.S.C. § 6330(e)(2) explicitly provides that a levy "shall not" be enjoined pursuant to 26 U.S.C. § 6330(e)(1) when the "underlying tax liability is not at issue." Id. The "underlying tax liability is not at issue" in cases in which the taxpayer had "an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B). Plaintiff alleges that he was contacted "some two years ago" when he was "informed" of his right to a Collection Due Process hearing[2] related to a proposed lien after he received a Notice of Federal Tax Lien. (Mot. at ¶¶ 22-23). Aside from that hearing, Plaintiff had the "opportunity" to contest the underlying liability when the IRS proposed a deficiency. 26 U.S.C. § 6213; *Veal v. IRS*, 108 A.F.T.R.2d (RIA) 7165 (N.D. Cal. 2011) (dismissing action seeking to enjoin IRS collection and addressing appropriate remedies). Because Plaintiff had at least one opportunity to contest the underlying liability even a timely petition to Tax Court does not supply a basis to enjoin collection.

In that regard, if the Plaintiff has a grievance with the IRS, he has recourse other than filing this action. The Code provides an administrative remedy for a taxpayer who wishes to contest the validity or amount of any tax assessment by the IRS. 26 U.S.C. §§ 6213, 6330. This is the only mechanism for a taxpayer to challenge a tax assessment unless the taxpayer fully pays his taxes and files a claim for refund. 26 U.S.C. § 7422(a); 28 U.S.C. § 1346(a)(1); *United States*

---

[2] Before the IRS can engage in any action to collect an assessment or enforce a tax lien or levy against a taxpayer's property, the IRS must provide notice of its intention to the taxpayer and allow the taxpayer an opportunity to request a CDP (collection due process) hearing. *See* 26 U.S.C. § 6330(b). When a taxpayer requests a CDP hearing, the IRS must immediately halt all collection and enforcement activities until the IRS Office of Appeals rules on the taxpayer's claim. 26 U.S.C. § 6330(e). If the taxpayer is displeased with the IRS's decision after these procedures are completed, the taxpayer can appeal the IRS Office of Appeal's ruling to the United States Tax Court.

**OPPOSITION TO MOTION FOR TRO**
**CASE NO 12-2610-SBA**              -4-

*v. Dalm*, 494 U.S. 596 (1990).

In *Dalm* the Supreme Court held that, under the doctrine of sovereign immunity, the United States cannot be sued by a taxpayer for a tax refund or to challenge a tax liability unless the procedures of the Internal Revenue Code are followed. In the instant case, the Plaintiff has not alleged that any of these actions took place.

The administrative procedures outlined by 26 U.S.C. §§ 7421 and 7422 constitute an express but limited waiver of sovereign immunity for taxpayers to pursue their grievances against the United States. *See Berrey v. Asarco, Inc.*, 439 F.3d 636, 643-44 (10th Cir. 2006). Sovereign immunity has not been waived in the instant action and the plaintiff has not alleged that it has.

Moreover, the Supreme Court has held that a pre-enforcement injunction against the assessment or collection of taxes may be granted if it is clear that *under no circumstances* could the government ultimately prevail. *See Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962). However, that situation is not present here. As noted above, there is little doubt, if any, that Plaintiff's Tax Court petition is untimely and that the underlying liability cannot be disputed in that case. In addition, pursuant to 26 U.S.C. § 6330(c)(2) the taxpayer may submit "collection alternatives" that include, for example, posting a bond, proposing alternative assets to pay the liability or consider an installment agreement. Stated simply, the provisions of 26 U.S.C. § 6330(c)(2) facilitate a means to collect the taxes at issue, not to bar collection altogether and for that reason Plaintiff cannot demonstrate that *under no circumstances* could the IRS "prevail" and collect these taxes.

As a separate matter, Plaintiff incorrectly asserts that equity weighs in favor of an injunction. To the contrary, the public has an interest in the prompt assessment and collection of taxes. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974) (describing the government's "need to assess and collect taxes as expeditiously as possible."); *United States v. Diversified Group*, 2002 U.S. Dist. LEXIS 23920 (S.D.N.Y. December 12, 2002). In that regard, Plaintiff misconstrues the term *status quo* in arguing that an injunction is necessary to preserve the *status quo* – no IRS collection in Plaintiff's view. However, the term *status quo ante litem* actually means "the last uncontested status which preceded the pending controversy." *Goto.com v. Walt*

**OPPOSITION TO MOTION FOR TRO**
**CASE NO 12-2610-SBA**                -5-

*Disney Company*, 202 F.3d 1199, 1210 (9th Cir. 2000). Thus, the *status quo* in this case precedes the controversy and includes a period when Plaintiff paid his debts or the IRS is *permitted* to collect the taxes due, not the other way around.

Finally, Plaintiff incorrectly asserts that he will be irreparably harmed absent an injunction. According to the levy, the IRS exempts a fraction of Plaintiff's wages from levy which is reported in publications that agency.[3] The IRS is not taking all of his pay, and this must be weighed against the fact that Plaintiff is apparently indebted to the United States in excess of $1 million. In the past several years, Plaintiff has used 26 U.S.C. § 6330 to stop collection, and he has not proposed alternative ways to pay his debts. When the IRS issued levies or liens, Plaintiff responded by trying to stop collections through untimely petitions.

In fact, equity weighs in favor of permitting collection. Pursuant to 26 U.S.C. § 6330(e) tax collection is enjoined when the taxpayer filed a timely petition but the period to collect the same taxes is extended for a corresponding duration. Here, the petition is untimely and Plaintiff wants to bar collection while the period to collect these taxes continues to run. For that reason, an injunction should not be issued.

                                MELINDA HAAG
                                United States Attorney

                                */s/Thomas M. Newman*
                                THOMAS M. NEWMAN
                                Assistant United States Attorney

---

[3] http://www.irs.gov/pub/irs-pdf/p1494.pdf

**OPPOSITION TO MOTION FOR TRO**
**CASE NO 12-2610-SBA**        -6-

# CERTIFICATE OF SERVICE

I, **KATHY TAT** declare:

That I am a citizen of the United States of America and employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action.

I am employed by the United States Attorney for the Northern District of California and discretion to be competent to serve papers. The undersigned further certifies that I caused a copy of the following:

**OPPOSITION TO EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER; DECLARATION OF THOMAS M. NEWMAN; and ORDER**

to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X_ **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ **PERSONAL SERVICE (BY MESSENGER/HAND DELIVERED)**

____ **FACSIMILE (FAX)** No.: _____

to the parties addressed as follows:

Everett Frank, Pro Se
1776 Botelho Dr., Apt. 421
Walnut Creek, CA 94596

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **May 24, 2012**, at San Francisco, California.

/s/
**KATHY TAT**
**Legal Assistant**

**OPPOSITION TO MOTION FOR TRO**
**CASE NO 12-2610-SBA** -7-