Everett Frank
1776 Botelho Dr, #421
Walnut Creek, CA 94596
408-623-9002
everett.frank@sbcemail.net

FILED
JUN - 5 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

Everett Frank,

Plaintiff,

vs.

INTERNAL REVENUE SERVICE,

Defendant

Case No.: 12-2610 SBA

REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

The Defendant in this action has filed a response in opposition to Plaintiffs motion for temporary restraining order and order to show cause. For the foregoing reasons, Petitioner believes the motions should be granted.

Issue before the Court

Both parties agree "the issues underlying the appeal are not before the court" (Opposition, Pg2,Li12). The issue before the court is straightforward; is Plaintiff entitled to the protections of 26 USC 6330(e) requiring the IRS to suspend collection while his case is pending before the Tax Court?

Timeliness of Tax Court Appeal

The timeliness of a Notice of Determination appeal is a jurisdictional matter for the Tax Court. As such, the respondent IRS in the Tax Court case

may choose to move for dismissal for lack of jurisdiction. Upon such motion the Tax Court will hear both sides on the motion for dismissal and the Tax Court will render a decision. Plaintiff notes that the Tax Court's jurisdictional 30 day limit for timely appeal is conditioned on the proper diligence (most frequently but not exclusively the 'last known address' rule) in delivering an effective Notice of Determination, which itself is conditioned upon an effective hearing, among other factors. Should the IRS move for dismissal of the Tax Court case for jurisdictional reasons, all these matters will be decided by the Tax Court. Until such time as a Tax Court motion for dismissal is made and ruled upon by the Tax Court, Plaintiff's cause is "pending" before the Tax Court and he is entitled to the protections of 26 USC 6330(e), (HART v. U.S.291 F.Supp.2d 635 (2003)). The question of timeliness is not before the US District Court at this time.

Reply to Defendant's Jurisdictional Argument

Defendant argues Petitioners action is barred by the Anti-Injunction Act, quoting 26 USC 7421(a) but omitting the exceptions. The full text of 26 USC 7421(a):

> **§ 7421. Prohibition of suits to restrain assessment or collection**
> **(a) Tax**
> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), and 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 USC 6330(e)(1), upon which Plaintiff bases his claim for injunctive relief, is a plain exception to the Anti-Injunction Act. Defendant concedes Plaintiffs contention that the IRS Manual also acknowledges the exception (Motion, Para 20) in IRM 5.17.5.9(1)(E). Defendant also acknowledges this

exception by arguing "Pursuant to 26 USC 6330(e) tax collection is enjoined when the taxpayer filed a timely petition" (Opposition Pg6,Li11). See also HART v. U.S.291 F.Supp.2d 635 (2003) "By its terms, § 6330(e) operates to suspend a levy action during the pendency of a hearing requested pursuant to § 6330(a)(3)(B) as well as any appeal therefrom. It is only if the IRS begins a levy or proceeding during this period of suspension that a taxpayer may seek an injunction to prevent such levy or proceeding, notwithstanding the provisions of the Anti-Injunction Act."

Defendant makes three additional arguments claimed to be related to the Anti-Injunction Act. First, that Plaintiff's Tax Court filing was untimely and "For that reason, the Tax Court petition cannot operate to enjoin collection" (Opposition Pg3,Li24). Plaintiff's Tax Court filing is not untimely until the Tax Court so rules upon proper motion. Timeliness is a jurisdictional issue to be determined by the Tax Court, not a presumption that Defendant is entitled to.

Second, Defendant claims that pursuant to 26 USC 6330(d)(1) "the Tax Court has exclusive jurisdiction". The full text of 26 USC 6330(d)(1):

(d) Proceeding after hearing (1) Judicial review of determination The person may, within 30 days of a determination under this section, appeal such determination - (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States. If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

Plaintiff agrees that Tax Court has jurisdiction over the "review of determination". However, Plaintiff does not ask the District Court to review the determination or the underlying tax liability. Plaintiff seeks injunctive relief as provided by statute and equity, and enforcement of 26 USC 6330(e). The Tax Court's jurisdiction over the tax liability does not limit or restrain the District Court's jurisdiction to enforce the US Code.

See *U.S. District Court, East. Dist. Pa.; Civ. 04-2683, March 31, 2005*, "The US District Court has ruled 'In other words, a federal court may exercise jurisdiction over a suit seeking to enjoin a levy assessment during the time that a hearing, and its result, are pending". See also *United States v Pragasam, 9th Circuit, 06-56691, June 15, 2007*,"See 26 U.S.C. § 6330(e) (permitting the district court to suspend a levy action while an appeal from a collection due process hearing is pending in tax court)."

Third, Defendant argues "Because Plaintiff had at least one opportunity to contest the underlying liability even a timely petition to Tax Court does not supply a basis to enjoin collection" (Opposition Pg4,Li16)citing 26 USC 3660(e)(2), which provides:

(e) Suspension of collections and statute of limitations
(2) Levy upon appeal
Paragraph (1) shall not apply to a levy action while an appeal is pending if the underlying tax liability is not at issue in the appeal and the court determines that the Secretary has shown good cause not to suspend the levy.

Defendant alleges that being informed of a right to CDP (Opposition Pg4,Li10), and a notice of proposed deficiency constitute "opportunity to be heard". Defendant provides no citation for the proposition these constitute "opportunity to be heard" within the meaning of the statute (*Veal* does not address this issue). Defendant also makes no representation that such contacts meet the statutory requirements for a "hearing", i.e. that it be held by an impartial party, no ex parte communication, etc. Defendant's view, if accepted, would entirely subvert the scheme of 26 USC 6330 and the intent of Congress to provide taxpayers a fair hearing. Further, the exception to 6330(e)(1) provided by 6330 (e)(2) is conditioned not only on the underlying tax liability being before the Tax Court, but also that the "Secretary has shown good cause not to suspend the levy". In order to claim the exception provided by 6330(e)(2), "The Service must file a motion with

the court requesting a good cause determination **before** proceeding with the levy."(Chief Counsel Notice 2009-10, emphasis added).

Defendant further argues that Plaintiff has other administrative remedies to contest a tax assessment (Opposition Pg4,Li18), and citing 26 USC 6213, 6330, and *Dalm* (Opposition Pg5,Li2) as preventing a taxpayer from contesting a tax liability. This proposition may or may not be so, these arguments do not apply to the motion before the District Court because Plaintiff's motion does not contest a tax liability. Further, Plaintiff seeks injunctive relief under the very statute, 26 USC 6330, that Defendant cites. Defendant further claims Plaintiff's action is barred by the doctrine of sovereign immunity (Opposition Pg5,Li2 and Pg5,Li10). Plaintiff seeks injunctive relief under the plain statutory authority of 26 USC 6330(e), which constitutes "consent to be sued" and is a waiver of sovereign immunity. See *ZAPARA v. C.I.R. 652 F.3d 1042, 9th Circuit,(2011),* " The Tax Court's remedy does not violate the doctrine of sovereign immunity. Because § 6330 waives sovereign immunity with respect to any issue relevant to the unpaid tax or proposed levy, the waiver extends "to achieve its remedial purpose" of providing due process for taxpayers whose property is levied on by the IRS. In re Town & Country Home Nursing Servs., Inc., 963 F.2d 1146, 1151 (9th Cir. 1992). Furthermore, as discussed in greater detail below, because this is not a claim for monetary relief, the action is authorized under the Administrative Procedure Act. See 5 U.S.C. § 702("A person suffering a legal wrong because of agency action... is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages ... shall not be dismissed ... on the ground that it is against the United States...."). Further, Defendant has conceded Plaintiffs contention that jurisdiction is established by 5 USC 702, 28 USC 1331, and 28 USC 1340 (Motion, Para 3).

And finally, Defendant revisits the Anti-Injunction Act, claiming that the requirements for the judicial exception to the Anti-Injunction Act cited in *Enochs vs Williams* are not present ("…that under no circumstances could the government ultimately prevail", Opposition Pg5,Li11). As previously established, Plaintiff's motion falls within statutory exceptions to the Anti-Injunction Act and Plaintiff has no need to rely on the judicial exception noted in *Enochs*. Notwithstanding, with regard to the request before this court for injunctive relief, Defendant cannot prevail under any circumstances because Defendant is clearly in violation of 26 USC 6330(e) (the only real issues contested are jurisdictional), and Defendant concedes it is causing irreparable injury as further argued below.

Reply to Public Interest & Balance of Equity Arguments

Defendant argues there is a public interest "in the prompt assessment and collection of taxes" (Opposition Pg5,Li21). Plaintiff concurs as cited in Plaintiff's Motion, "The public interest is to promote the IRS core mission of fair and effective administration of the tax code" (Motion, Para 21(4). The IRS core mission is described by it's published mission statement:

> **"The mission of the IRS is to provide America's taxpayers with top quality service by helping them understand and meet their tax responsibilities and by applying the tax law with integrity and fairness to all." (www.irs.gov)**

"Prompt", as defined by Defendants own actions and conceded by Defendant, means years and months (Motion, Para 21(4)). Defendant has consistently acted outside any reasonable definition of "prompt", causing interminable and inexcusable delay in resolving the underlying tax liability. By example, only after the filing of Plaintiff's pending actions in District Court and Tax Court has Defendant revealed the claims underlying the $1

million tax liability (Defendant has ignored two FOIA requests). Even the most casual review reveals that the IRS claimed income of over $1 million from the sale of a home, attributed no tax basis, and so claimed the entire sale as income (in fact the home was sold at a loss in a short sale). The most junior IRS employee, and surely any experienced IRS employee, who reviewed Plaintiff's file must have understood the obvious. Plaintiff lives a few miles from the IRS office in Walnut Creek. Plaintiff maintained at every contact with Defendant that they were attempting to collect a sum that was obviously outrageous and that Plaintiff simply needed to know what the issue was so it could be corrected. Had Defendant acted in the public interest by providing Plaintiff with "top quality service" to "help [him] understand" and sought to "apply the tax law with integrity and fairness", Defendant could have informed Plaintiff of the obvious problem at any time, or simply allowed Plaintiff to pick up the information at Defendant's office.

Had Defendant acted "promptly" within any reasonable definition of the term to execute it's public interest mission, this matter would not be before the court. Defendants prior interpretation of "prompt" precludes Defendant's suggestion that "prompt" now means immediate. In sum, Defendant's interest in promptness as defined by Defendant's own actions is trivial when weighed against the urgent and irreparable harm being suffered by Plaintiff.

Plaintiff wishes to be clear that he means no criticism of individual IRS employees. From Plaintiff's information and belief, each has performed their duties as best they understood them, and Plaintiff assumes each are exemplary federal employees. Plaintiffs matter has been reviewed by at least four (and undoubtably more) IRS employees and none have considered it their duty to disclose the obvious. Plaintiff's experience is consistent with an organizational abandonment of the IRS mission statement in favor of maximizing tax collection.

Defendant then argues that status quo means "the last uncontested status which preceded the pending controversy" (Opposition Pg5,Li27), and claims that "the status quo in this case precedes the controversy and includes a period when Plaintiff paid his debts or the IRS is permitted to collect…" (Opposition Pg6,Li1). This action is for injunctive relief under 26 USC 3660(e). The controversy began on May 11, 2012 when Plaintiff alleges Defendant violated the statutory requirements of 26 USC 3660(e). Preceding this date, there were no levies against Plaintiff and Plaintiff was protected by 26 USC 3660(e) as of filing with Tax Court May 4, 2012.

Finally, Plaintiff notes that Defendant has made no showing that any interest of the United States other than "promptness" is at risk (Motion Para 21(3).

For all these reasons, Plaintiff maintains the public interest and balance of equity weigh heavily in favor of ceasing irreparable harm to Plaintiff by maintaining the status quo of May 10, 2012 until the proper tax can be adjudicated.

Reply to Irreparable Harm Argument

Defendant argues Plaintiff will not be irreparably harmed because "the IRS exempts a fraction" of wages (Opposition Pg6,Li5). Defendant makes no effort to establish that the "fraction" prevents catastrophic financial difficulty as asserted (Motion, Para 21(a)).

Defendant further claims "Plaintiff has used 26 USC 6330 to stop collection", "has not proposed alternative ways to pay his debts", and "responded by trying to stop collections through untimely petitions" (Pg6, beginning at line 4). Plaintiff denies each one of these allegations, and moves the court to strike them for lack of any factual support or evidence.

Moreover, Defendant concedes Plaintiff's claims that, 1) the wage levy irreparably deprives Plaintiff of basic rights (Motion Para 21(b), that 2) the wage levy causes irreparable emotional harm (Motion Para 21(c), that 3) the wage levy irreparably damages Plaintiffs reputation (Motion Para 21(d), and that 4) the constant threats cause irreparable harm (Motion Para 21(e).

On balance, Defendant essentially concedes the ongoing irreparable harm to Plaintiff.

Conclusion

Plaintiff has met the moving parties obligations to obtain a TRO. Plaintiff has demonstrated a likelihood to prevail on the question of injunctive relief, that Plaintiff is being irreparably harmed, that the TRO would support the public interest by encouraging the fair and timely administration of the tax code, and that the balance of equity weighs heavily in Plaintiffs favor. Plaintiff prays the court maintains the status quo and relieves Plaintiff's irreparable injuries as the underlying tax issue is resolved.

Dated this 4th of June, 2012

Everett Frank

UNITED STATES DISTRICT COURT
~~SOUTHERN~~ DISTRICT OF CALIFORNIA
Northern

Everett Frank, Pro Se

vs.

Internal Revenue Service

Case No. 12-2610

**DECLARATION OF SERVICE**

Person Served: Thomas M. Newman

Date Served: 06/04/12

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents: REPLY TO DEFENDANTS OPPOSTION TO MOTION FOR TRO & OSC in the following manner: (check one)

1) By personally delivering copies to the person served.

2) By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to ther person served at the place where the copies were left.

3) By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4) x By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at Oakland, CA on June 4, 2012.

Executed on June 4, 2012 at Oakland, CA

Robert Frank

::ODMA\PCDOCS\WORDPERFECT\14560\2 May 5, 1999 (10:01am)