UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EVERETT FRANK, Pro Se,<br>1776 Botelho Dr.<br>Apt. 421<br>Walnut Creek, CA<br><br>        Plaintiff,<br><br>    vs.<br><br>THE INTERNAL REVENUE SERVICE,<br><br>        Defendant. | Case No: C 12-02610 SBA<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Docket 3 |

Plaintiff Everett Frank filed the instant pro se action against the Internal Revenue Service ("IRS") to challenge a wage levy issued to his employer, Optimum Design Associates ("Optimum Design"), and to enjoin the IRS from further attempts to collect on various tax income liabilities. The parties are presently before the Court on Plaintiff's Ex Parte Motion for a Temporary Restraining Order and Request for an Order to Show Cause Why a Preliminary Injunction Should Not Issue. Dkt. 3. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.  BACKGROUND**

Plaintiff is a 51-year old resident of Walnut Creek, California. Compl. ¶ 4., Dkt. 1. On or about December 15, 2011, the IRS allegedly issued a Notice of Determination regarding his income tax liability for 2000, 2004 and 2005. Pl.'s Ex Parte Mot. ("Mot.") ¶¶ 7-8, Dkt. 3; Newman Decl., Dkt. 9. Plaintiff sought to appeal the Notice of

1 Determination by filing a Petition with the United States Tax Court in Washington D.C. on
2 or about May 4, 2012. Compl. ¶ 8. Plaintiff does not indicate the nature of the
3 proceedings, if any, that precipitated the Notice of Determination, nor does he provide a
4 copy of said document.

5 On or about May 11, 2012, the IRS issued a Notice of Levy on Wages, Salary, and
6 Other Income ("Notice of Levy") to Optimum Design to attach Plaintiff's wages in the
7 amount of $1,246,889.55. Mot. Ex. B. On May 14, 2012, Plaintiff received a telephone
8 message from IRS Officer Nick Eterovich acknowledging receipt of his tax court filing, but
9 stating that the IRS intended to proceed with its collection efforts, notwithstanding his
10 appeal. Mot. ¶ 11. Plaintiff requested that the IRS lift the levy and cease its collection
11 efforts, but such request was declined by Officer Eterovich and Supervising Revenue
12 Officer Cynthia Mackie on May 14, 2012. Id. ¶ 12.

13 On May 21, 2012, Plaintiff filed the instant "action under the Internal Revenue Code
14 ("IRC"), 26 U.S.C. § 6330(e) to compel [the] IRS to suspend collection activity." Compl.
15 ¶ 1.[1] As relief, Plaintiff seeks an order directing the IRS to cease all collection activity
16 "regarding tax years 2000, 2004, and 2005," to withdraw all levies initiated on or after May
17 4, 2012, and to quash the Notice of Levy issued to Optimum Design. Id. at 5. Along with
18 his Complaint, Plaintiff has filed an ex parte application for a temporary restraining order
19 ("TRO") and request for an order to show cause why a preliminary injunction should not be
20 issued. Dkt. 3. The United States opposes the motion on the grounds that it is factually and
21 legally unsupported and that the relief requested is barred by the Anti-Injunction Act, 26
22 U.S.C. § 7421(a). Opp'n at 3-6, Dkt. 7.

23 **II.    LEGAL STANDARD**

24 The same standard applies to a motion for a TRO and a motion for a preliminary
25 injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7

---

[1] The IRS is an improper party because Congress has not authorized suit against it. See Castleberry v. Alcohol, Tobacco and Firearms Division, 530 F.2d 672, 673 n.3 (5th Cir.1976) (stating that Congress has not authorized suits against the Department of the Treasury or any of its divisions or branches).

(9th Cir. 2001). To obtain a TRO or preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). An immediate injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief," id. at 22, and the moving party bears the burden of meeting all four Winter prongs, DISH Network Corp. v. FCC, 653 F.3d 771, 776-77 (9th Cir. 2011).

## III. DISCUSSION

"Injunctive relief against the IRS is generally prohibited by the Anti-Injunction Act." Cool Fuel, Inc. v. Connett, 685 F.2d 309, 313 (9th Cir. 1982) (citing 26 U.S.C. § 7421). The Anti-Injunction Act provides:

> Except as provided in sections 6015(e), 6212(a) and (c), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a) (emphasis added). "The purpose of the Act is to protect the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for refund." In re J.J. Re-Bar Corp., Inc., 644 F.3d 952, 955 (9th Cir. 2011) (internal quotations, citations omitted and emphasis added). "The Act insures that, once a tax has been assessed, the taxpayer ordinarily has no power to prevent the IRS from collecting it; his only recourse is to pay the tax in full, and then sue for a refund." Jones v. United States, 889 F.2d 1448, 1449-50 (5th Cir. 1989). The Anti-Injunction Act is "strictly enforced." Maxfield v. U.S. Postal Serv., 752 F.2d 433, 434 (9th Cir. 1984).

Plaintiff relies on one of the enumerated exceptions to the Anti-Injunction Act set forth at 26 U.S.C. § 6330(e)(1), which prohibits the IRS from collecting taxes by levy once

the taxpayer has requested a collection due process ("CDP") hearing under 26 U.S.C. § 6330(a).  Under section 6330(a), the government may place a levy on a taxpayer's assets for an outstanding tax liability after providing the taxpayer with notice of the intended levy and informing him or her of the opportunity to request a CDP hearing.  Zapara v. C.I.R., 652 F.3d 1042, 1044 (9th Cir. 2011) (citing 26 U.S.C. § 6330(b)); 26 C.F.R. § 301.6330-1. After receiving notice, the taxpayer has thirty days to request a CDP hearing, which then is conducted by the IRS Office of Appeals.  26 U.S.C. § 6330(a)(3)(B).  Following the CDP hearing, the taxpayer receives a decision in the form of a Notice of Determination; the taxpayer only has <u>thirty days</u> to appeal the decision to the Tax Court, which "shall have jurisdiction with respect to such matter."  Id. § 6330(d) (emphasis added).[2]

Under section 6330(e), a levy action "shall be suspended" upon a timely request for a CDP hearing through the resolution of any appeal thereon.  See Bullard v. United States, 486 F. Supp. 512, 514 n.5 (D. Md. 2007) (noting that under section 6330(e), "[i]f … a [CDP] hearing is requested in timely fashion, the levy is stayed until the CDP is held and during the pendency of any appeals.").  Section 6330(e) provides, in pertinent part:

> [I]f a [CDP] hearing is requested under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing ... <u>shall be suspended for the period during which such hearing, and appeals therein, are pending</u>.  In no event shall any such period expire before the 90th day after the day on which there is a final determination in such hearing.  Notwithstanding the provisions of section 7421(a), the beginning of a levy or proceeding during the time the suspension under this paragraph is in force <u>may be enjoined by a proceeding in the proper court, including the Tax Court.  The Tax Court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a timely appeal has been filed under subsection (d)(1)</u>) and then only in respect of the unpaid tax or proposed levy to which the determination being appealed relates.

26 U.S.C. § 6330(e)(1) (emphasis added).

---

[2] If a taxpayer's request for a CDP hearing is not timely, the IRS may hold an "equivalent hearing," rather than a CDP hearing.  26 C.F.R. § 301.6330-1(i). An equivalent hearing generally follows the same procedures as those used for CDP hearing, except that the resulting decision is not subject to judicial review.  Id.

Though not entirely clear, Plaintiff appears to argue that this Court has the power to enjoin the IRS' collection efforts—namely, the Notice of Levy sent to Optimum Design—in light of his appeal to the Tax Court. However, Plaintiff has provided insufficient information to establish that section 6330(e) is, in fact, applicable. As noted, the right to invoke the protections of section 6330(e) is triggered by a timely request for a CDP hearing and/or timely appeal therefrom. Though Plaintiff's Complaint and his motion for TRO make vague reference to his "appeal from a Notice of Determination," Compl. ¶ 8, he provides no facts establishing that he timely requested a CDP hearing in the first instance or that the Notice of Determination was issued as a result of a CDP hearing. In addition, because Plaintiff failed to include a copy of the Notice of Determination with his pleadings or motion, the Court is unable to ascertain on its own whether Plaintiff is, in fact, appealing from a CDP hearing. It is inappropriate for the Court to grant immediate injunctive relief based on vague and conclusory allegations such as those proffered by Plaintiff. See Am. Passage Media Corp. v. Cass Commc'n, Inc., 750 F.2d 1470, 1473 (9th Cir. 1985) (vacating preliminary injunction where the supporting affidavits were "conclusory and without sufficient support in facts").

In any event, assuming arguendo that the Notice of Determination was issued following a CDP hearing, Plaintiff does not appear to be entitled to the injunctive relief he seeks. Section 6330(e) only prevents a levy action commenced during the period of suspension; i.e., the time period following a timely request for a CDP hearing and the conclusion of any subsequent appeal. Where the taxpayer fails to file an appeal with the Tax Court within thirty days of the Notice of Determination, the period of suspension is no longer in effect. See McGowan v. C.I.R., T.C. Memo. 2008-125, 2008 WL 1912428, *4 (2008) ("Because section 6330(e)(1) suspends levy actions … only if a taxpayer files a timely request for an Appeals hearing, levy actions … were not suspended by petitioner's untimely request for an Appeals hearing"). Since Petitioner did not appeal the Notice of Determination within thirty days of its issuance, see 26 U.S.C. § 6330(d)(1), no period of suspension was in effect at the time the IRS served the Notice of Levy on Optimum Design.

As such, the exception to the Anti-Injunction Act provided by section 6330(e)(1) is inapposite.[3]

## IV. CONCLUSION

Plaintiff has failed to demonstrate a likelihood of success on his claims or that he will suffer immediate, irreparable harm absent a TRO. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for a TRO and for an order to show cause why a preliminary injunction should not issue is DENIED without prejudice to Plaintiff's filing of a noticed motion for preliminary injunction in accordance with the Civil Local Rules.

2. This Order terminates Docket No. 3.

IT IS SO ORDERED.

Dated: June 8, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[3] The Court also finds that Plaintiff's conclusory assertions of irreparable harm are unsubstantiated. See Mot. ¶ 21. And despite Plaintiff's intimations to the contrary, the wage levy will not consume his entire paycheck, as a certain portion of the check amount will remain be exempt from the levy. See 26 U.S.C. § 6334(d) (setting forth formula for determining amount of wage exempt from levy).

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

EVERETT FRANK,

       Plaintiff,

 v.

THE INTERNAL REVENUE SERVICE et al,

       Defendant.
_____/

Case Number: CV12-02610 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 11, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Everett Frank
1776 Botelho Dr.
Apt. 421
Walnut Creek, CA 94576

Dated: June 11, 2012

                                Richard W. Wieking, Clerk

                                     By: Lisa Clark, Deputy Clerk